IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BORDER AREA MENTAL HEALTH, INC.,
COUNSELING ASSOCIATES, INC., EASTER
SEALS EL MIRADOR, FAMILIES & YOUTH, INC.,
HOGARES, INC., SOUTHWEST COUNSELING
CENTER, INC., SOUTHERN NEW MEXICO
HUMAN DEVELOPMENT, INC., TEAMBUILDERS
COUNSELING SERVICES, INC., THE
COUNSELING CENTER, INC., and VALENCIA
COUNSELING, INC.,

        Plaintiffs,

v.                                                              CV 16-1213 MV/SCY

UNITED BEHAVIORAL HEALTH, INC. and
UNITED HEALTHCARE INSURANCE COMPANY,
INC., d/b/a OPTUMHEALTH NEW MEXICO,
PUBLIC CONSULTING GROUP, INC., ELIZABETH
A. MARTIN, ANDREW SEKEL, TIMOTHY S.
MILLER, and JOHN DOES 1-10,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs' Motion for Rule 54(b) Certification [Doc. 53]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

### BACKGROUND

On June 23, 2016, Plaintiffs commenced this action in the First Judicial District Court of New Mexico, Santa Fe County, against United Behavioral Health, Inc. and United Healthcare Insurance Company, Inc., Elizabeth Martin, Andrew Sekel, and Timothy S. Miller (collectively, the "United Defendants"), and Public Consulting Group, Inc. ("PCG"). Doc. 1-1. On November

3, 2016, United Defendants removed the action to this Court. Doc. 1. In their Complaint, Plaintiffs alleged claims against all Defendants for tortious interference with contractual relations (Count I), prima facie tort (Count II), and civil conspiracy (Count III). Doc. 1-1. Plaintiffs also alleged violations of the New Mexico Unfair Practices Act ("UPA") against United Defendants (Count IV), and PCG (Count V). *Id.* On July 18, 2017, the Court entered a Stipulated Order dismissing with prejudice Plaintiffs' UPA claim against PCG, which left remaining against PCG claims of tortious interference, prima facie tort, and civil conspiracy. [Doc. 44].

On November 18, 2016, United Defendants filed a motion to compel Plaintiffs to arbitrate the claims alleged against them. Doc. 6. In support of their motion, United Defendants argued that agreements into which each Plaintiff had entered contained valid and binding arbitration provisions, and that Plaintiffs' claims fell directly within the scope of those provisions. *Id.* Plaintiffs did not dispute that they entered into valid arbitration agreements, but opposed United Defendants' motion to compel on the basis that their claims did not bear a reasonable relationship to the subject matter of the arbitration agreements and thus did not fall within the scope of those agreements. Doc. 29 at 4-10; Doc. 30 at 3-10.

In a Memorandum Opinion and Order entered March 28, 2018, the Court granted United Defendants' motion to compel, explaining that, by incorporating the AAA Rules into the arbitration provisions set forth in the relevant agreements, Plaintiffs and United Defendants clearly and unmistakably agreed to arbitrate arbitrability. Doc. 46. Accordingly, the Court further explained, all questions of arbitrability – including the questions Plaintiffs raised as to whether their claims reasonably relate to the subject matter of the parties' agreements to arbitrate – must be resolved by an arbitrator. *Id.* Under controlling Tenth Circuit precedent, the Court found that it had no discretion to decide whether Plaintiffs' claims were outside the scope of the

arbitration provisions in the relevant agreements, but rather was obligated to defer that determination to the arbitrator. *Id.* Accordingly, the Court found no basis to deny United Defendants' motion compelling arbitration of Plaintiffs' claims against it. *Id.* Neither United Defendants nor Plaintiffs sought dismissal of Plaintiffs' claims against United Defendants, and accordingly, the Court did not entertain whether dismissal was warranted.

On November 18, 2018, PCG filed a motion to dismiss Plaintiffs' claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 7. In its supporting brief, PCG argued that Plaintiffs' claims against it should be dismissed because (1) the Complaint failed to state a claim against PCG for intentional interference with contractual relations; (2) Plaintiffs' prima facie tort claim failed to allege that PCG acted lawfully and with specific intent to harm Plaintiffs; and (3) Plaintiffs' claim for civil conspiracy was not actionable. Doc. 8. The Court agreed with PCG, and in a Memorandum Opinion and Order entered August 2, 2018 (the "August 2, 2018 Order"), granted PCG's motion, dismissing Plaintiffs' claims as to PCG in their entirety. Doc. 47. The Court, however, did not enter a final judgment.

Thereafter, on August 30, 2018, Plaintiffs filed a Notice of Appeal to appeal this Court's dismissal of their claims against PCG. Doc. 48. After determining that the August 2, 2018 Order was not a final decision, Plaintiffs moved in the Tenth Circuit to dismiss, without prejudice, their appeal. On October 2, 2018, the Tenth Circuit denied Plaintiffs' motion without prejudice to renewal, stating that the Court could not dismiss an appeal without prejudice.

Plaintiffs then filed the instant motion, asking this Court to certify its adjudication of Plaintiffs' claims against PCG as final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Doc. 53. The Tenth Circuit abated Plaintiffs' appeal pending this Court's disposition of Plaintiffs' Rule 54(b) motion. PCG opposes Plaintiffs' request for Rule 54(b) certification.

**STANDARD**

Rule 54(b) provides in relevant part that, "[w]hen multiple parties are involved [in an action], the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Certification under Rule 54(b) is a two-step process." *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988). First, the court "must determine that the judgment is final." *Id.* In other words, the judgment must be "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (citation omitted). Next, the court "must determine that there is no cause for delay." *Id.* In making this second determination, the court must weigh "Rule 54's policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay." *Id.* (citation omitted). "The Supreme Court has suggested that the district court should consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (citation omitted). In entering a Rule 54(b) certification, district courts are counseled to "clearly articulate their reasons and make careful statements based on the record supporting their determination of 'finality' and 'no just reason for delay.'" *Stockton's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).

**DISCUSSION**

Plaintiffs request that the Court certify its dismissal of Plaintiffs' claims against PCG as final pursuant to Rule 54(b). In support of their request, Plaintiffs argue that both relevant factors, namely finality and just reason for delay, weigh in favor of certification. PCG opposes Plaintiffs' request, arguing that the factors weigh against certification and that the motion is

untimely. As set forth herein, after carefully examining the factors relevant to certification, the Court finds that Rule 54(b) certification is proper.

I. Finality

For purposes of Rule 54(b), a judgment is final if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *McKibben*, 840 F.2d at 1528. The August 2, 2018 Order dismissed Plaintiffs' claims as to PCG in their entirety, and thus "fully resolved all issues between" Plaintiffs and PCG. *McKissick v. Gemstar-TV Guide Intern., Inc.*, No. 04-262, 2007 WL 2436299, at *4 (N.D. Okla. Aug. 22, 2007). Because PCG's "rights and liabilities in this action have been finally decided," the August 2, 2018 Order was "an ultimate disposition" of Plaintiffs' claims against PCG, and "the finality requirement of Rule 54(b) has been satisfied." *Id.* Indeed, if the only claims in this action had been Plaintiffs' claims against PCG, the Court would have entered a final judgment dismissing the instant case based on its August 2, 2018 Order. While PCG purports to contest the finality of the August 2, 2018 Order, nowhere in its opposition does it dispute that the August 2, 2018 Order fully resolved all of Plaintiffs' claims against PCG. Accordingly, the Court determines that the August 2, 2018 Order is final for purposes of Rule 54(b) certification.

II. No Just Reason for Delay

Next, the Court must determine whether there is any just cause to delay entry of a final judgment. In making this determination, the Court considers whether Plaintiffs' claims against PCG are "separable" from those against United Defendants, and whether "the nature of the claims" against PCG "are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *McKibben*, 840 F.3d at 1528. According to PCG, Plaintiffs' claims against PCG are not separable from their claims against United Defendants because the claims against all Defendants are identical and arise out of the same

5

facts. PCG is correct that Plaintiffs alleged causes of action against both United Defendants and PCG for tortious interference with contractual relations, prima facie tort, and civil conspiracy, based on a common set of facts. PCG's argument, however, misses the mark, because it ignores the fact that the merits of Plaintiffs' claims against United Defendants have been submitted to arbitration for a decision by the arbitrator, while the merits of Plaintiffs' claims against PCG were decided by this Court.

As the Tenth Circuit has made clear, the "interrelationship of the claims" at issue is scrutinized by the Court for the purpose of "prevent[ing] piecemeal appeals." *Id.* at 1529. Here, because Plaintiffs' claims against United Defendants have been submitted to arbitration pursuant to agreements to which PCG was not bound, while Plaintiffs' claims against PCG were decided on the merits by this Court, the Tenth Circuit would not be confronted with the same issues twice, even if there were subsequent appeals in this case. Specifically, on Plaintiffs' appeal of this Court's dismissal of its claims against PCG, the merits of those claims – namely, whether Plaintiff has stated a claim upon which relief can be granted as to its claims of tortious interference with contractual relations, prima facie tort, and civil conspiracy – will be squarely before the Tenth Circuit. Further, the Tenth Circuit will apply a de novo standard in reviewing this Court's decision to dismiss Plaintiffs' claims. *Sacchi v. IHC Health Servs., Inc.*, No. 18-4027, 2019 WL 1349467, at *2 (10th Cir. Mar. 26, 2019).

In contrast, any potential appeal involving Plaintiffs' claims against United Defendants would be limited to the discrete and distinct issues of whether this Court properly compelled arbitration and the propriety of the arbitrator's decisions. "Judicial review of arbitration . . . decisions is extremely limited; indeed, it has been described as 'among the narrowest known to law.'" *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1275 (10th Cir.

6

2005) (quoting *Bowen v. Amoco Pipeline Co.,* 254 F.3d 925, 932 (10th Cir. 2001)). Specifically, "review of an arbitration award is limited to those circumstances expressly provided in § 10 of the Federal Arbitration Act . . . which circumstances concern the conduct of the arbitrator and the circumstances under which the award [was] obtained, not the merits of the arbitrator's decision." *Fitigues, Inc., LRV v. Varat Enters., Inc.*, 813 F. Supp. 1336, 1338-39 (N.D. Ill. 1992); *see also Dominion Video*, 430 F.3d at 1275 ("Under § 10 of the Federal Arbitration Act, a court may vacate an arbitration award "in certain instances of fraud or corruption, arbitrator misconduct, or 'where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, definite award upon the subject matter submitted was not made.'") (quoting 9 U.S.C. § 10(a)(4)). Indeed, "[i]t has been the rule for some time that courts do not vacate an arbitration award based on the merits of a party's claim." *Hamel-Schwulst v. Country Place Mort. Ltd.*, 406 F. App'x 906, 914 (5th Cir. 2010) (citing *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38-39 (1987) ("Courts . . . do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.")).

In short, the issues that necessarily will be addressed by the Tenth Circuit on Plaintiffs' appeal of this Court's dismissal of their claims against PCG are wholly distinct from those that would be addressed in the event of an appeal involving the arbitrator's decisions regarding Plaintiffs' claims against United Defendants. Accordingly, the nature of the claims here is not such that allowing Plaintiffs to immediately appeal the dismissal of their claims against PCG would cause the Tenth Circuit to decide the same issues more than once. It follows that granting certification does not run afoul of Rule 54(b)'s policy of preventing piecemeal appeals. There thus is no cause for delaying entry of final judgment on Plaintiffs' claims against PCG.

On the other side of the scale, Plaintiffs have explained in detail how delaying final judgment until resolution of their claims against United Defendants would result in significant hardship to them. Specifically, they note that the arbitration process, including any appeals of that process, could be timely, and that they are "behavioral health providers who have suffered millions of dollars in damages," "many of whom have been put out of business," and that the current litigation "has been pending for over two years now." Doc. 58 at 6.

Because Plaintiffs' claims against PCG are separable from their claims against United Defendants, and because Plaintiffs have established that they would suffer hardship if final judgment were delayed, the resulting equities weigh in favor of finality. Other courts have reached a similar conclusion where, as here, some of the claims at issue had been submitted to arbitration and others had been or remained to be resolved by the court. *See 2002 Irrevocable Trust for Hvizdak v. Shenzhen Devel. Bank, Co.*, No. 08-556, 2010 WL 11512370, at *2 (M.D. Fl. Aug. 5, 2010) (granting motion to certify order granting summary judgment in favor of defendant Shenzhen Development Bank ("SDB") where SDB was not a party to contracts between plaintiffs and defendant Foshan Poly Marine that obligated them to arbitrate their dispute, and where a delay of the appeal could pose hardship by subjecting it to an unnecessary delay); *Haliburton Energy Servs. v. NL Indus.*, Nos. 05-4160, 06-3504, 2008 WL 2697345 at *7 (S.D. Tex. July 2, 2008) (finding that, because the defendants were not all parties to the arbitration and because the issue on appeal of the arbitration award would be the propriety of confirming the award and not the underlying merits of the parties' claims, the claims pending before the court did not "significantly overlap with the clams adjudicated in the arbitration" and thus "[t]he relationship of the pending claims to the resolved claims weigh[ed] in favor of granting certification under Rule 54(b)"); *Forest Elec. Corp. v. HCB Contractors*, Nos. 91-1732,

8

91-5350, 1995 WL 429141, at *2 (E. D. Pa. July 20, 1995) (holding that the "unarbitrated claims," which were "not determined within the context of the arbitration," were "distinct matters that [did] not affect the ability of the Court of Appeals to determine whether to affirm or reverse the confirmation of the Award," and thus that Rule 54(b) certification was appropriate); *Fitigues*, 813 F. Supp. at 1338-39 (finding that issue decided through arbitration and issue remaining before court could not "be deemed a single claim for relief under Rule 54(b)").

III. Timeliness

PCG makes the additional argument that Plaintiffs' motion for Rule 54(b) certification is untimely. As PCG concedes, however, "Rule 54(b) does not provide a deadline or time by which a party may seek an entry of final judgment." *Miami Tribe of Okla. v. United States*, No. 03-2220, 2006 WL 3848949, at *4 (D. Kan. Dec. 29, 2006). In *Miami Tribe*, the district court found that a motion for Rule 54(b) certification filed ten months after entry of the adjudication to which it related was "too long of a delay," which further justified its determination, based on the two factors relevant to Rule 54(b), that the motion should be denied. *Id.* In contrast, here, even according to PCG, Plaintiffs filed the instant motion approximately "70 days after the Court entered its Order." Doc. 56 at 6. The Court finds that Plaintiffs have provided a valid explanation for their timeline, namely that "they inadvertently believed the judgment was final due to the procedural nature of the case [and] the fact that the case had been [mistakenly] closed," and due to the fact that there were no remaining defendants to prosecute this lawsuit against." Doc. 58 at 4. In light of the fact that the relevant factors weigh in favor of finality and against delay of final judgment, Plaintiffs' filing of their motion approximately 70 days after entry of the August 2, 2018 Order does not provide a sufficient basis to deny Rule 54(b) certification.

9

## CONCLUSION

As set forth herein, the Court has considered the factors of finality and just cause for delay and has "weighed the resulting equities in favor of finality." *McKibben*, 840 F.2d at 1528.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Rule 54(b) Certification [Doc. 53] is **GRANTED** as follows: a final judgment will be entered dismissing this action as to PCG.

DATED this 18th day of April 2019.

_____
MARTHA VAZQUEZ
United States District Judge