IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BORDER AREA MENTAL HEALTH, INC.,
COUNSELING ASSOCIATES, INC., EASTER
SEALS EL MIRADOR, FAMILIES & YOUTH, INC.,
HOGARES, INC., SOUTHWEST COUNSELING
CENTER, INC., SOUTHERN NEW MEXICO
HUMAN DEVELOPMENT, INC., TEAMBUILDERS
COUNSELING SERVICES, INC., THE
COUNSELING CENTER, INC., and VALENCIA
COUNSELING, INC.,

   Plaintiffs,

v.                   CV 16-1213 MV/SCY

UNITED BEHAVIORAL HEALTH, INC. and
UNITED HEALTHCARE INSURANCE COMPANY,
INC., d/b/a OPTUMHEALTH NEW MEXICO,
PUBLIC CONSULTING GROUP, INC., ELIZABETH
A. MARTIN, ANDREW SEKEL, TIMOTHY S.
MILLER, and JOHN DOES 1-10,

   Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs' Motion to Reconsider [Doc. 72]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and will be denied.

## BACKGROUND

OptumHealth New Mexico "("OHNM") is a joint venture that was formed by United Behaviorial Health, Inc. and United Healthcare Insurance Company, Inc. Doc. 6-1 at ¶ 3. In 2009, OHNM entered into a "Statewide Contract" with the New Mexico Inter-Agency Behavioral Health Purchasing Collaborative (the "Collaborative") to manage New Mexico's

1

Medicaid and state-funded programs. *Id.* at ¶ 4. Pursuant to the Statewide Contract, from 2009 through December 31, 2013, OHNM served as the "Statewide Entity" to administer the delivery of behavioral health services to individuals enrolled in and eligible to receive services under the Collaborative's agency programs. *Id.*

In turn, in its capacity as the Statewide Entity, OHNM entered into contracts with numerous healthcare providers, including Plaintiffs, to provide the necessary behavioral health and/or substance abuse health care services to the individual enrollees. *Id.* at ¶ 5. Each of the "Provider Agreements" and "Facility Participation Agreements" between Plaintiffs and OHNM includes an arbitration provision, which states in relevant part that, in the event the parties were unable to resolve "any disputes about their business relationship," those disputes would be "submitted to binding arbitration in accordance with the rules of the American Arbitration Association ("AAA")." Doc. 61, Ex. 1 at Art. 30; Doc. 6-1, Ex. 2 at Section 8.

Plaintiffs allege that OHNM mismanaged its Statewide Contract and, in order to cover up its mismanagement, accused its healthcare providers, including Plaintiffs, of engaging in institutional fraud. Doc. 1-1 at ¶¶ 36, 43. Plaintiffs further allege that OHNM audited Plaintiffs with the predetermined outcome of finding "credible allegations of fraud," in order to trigger the suspension of payments to Plaintiffs for the healthcare services that they had provided pursuant to their contracts with OHNM. *Id.* at ¶¶ 52-55. As a result, Plaintiffs allege, they are owed payments totaling $11.5 million. *Id.* at ¶ 62.

Based on these allegations, Plaintiffs commenced the instant action in the First Judicial District Court of New Mexico, Santa Fe County, on June 23, 2016, against United Behavioral Health and United Healthcare Insurance Company, doing business as OHNM, Elizabeth Martin, Chief Executive Officer of OHNM, Andrew Sekel, Chief Executive Officer of OptumHealth

2

Behavioral Solutions, and Timothy S. Miller, regional manager for OHNM, collectively referred to as the "United Defendants," in addition to the Public Consulting Group, the entity that was hired to conduct the audits of Plaintiffs. Doc. 1-1. On November 3, 2016, United Defendants removed the action to this Court. Doc. 1. In their Complaint, Plaintiffs allege claims against United Defendants for interference with contractual relations, prima facie tort, civil conspiracy to commit interference with contractual relations and prima facie tort, and violations of the New Mexico Unfair Practices Act. Doc. 1-1 at ¶¶ 67-89.

On November 18, 2016, United Defendants filed a motion to compel Plaintiffs to arbitrate the claims alleged against them. Doc. 6. In support of their motion, United Defendants argued that the agreements into which each Plaintiff had entered contained valid and binding arbitration provisions, and that Plaintiffs' claims fell directly within the scope of those provisions. *Id.* Plaintiffs did not dispute that they entered into valid arbitration agreements, but opposed United Defendants' motion to compel on the basis that their claims did not bear a reasonable relationship to the subject matter of the arbitration agreements and thus did not fall within the scope of those agreements. Doc. 29 at 4-10; Doc. 30 at 3-10.

In a Memorandum Opinion and Order entered March 28, 2018 ("March 2018 Opinion"), the Court granted United Defendants' motion to compel, explaining that, by incorporating the AAA Rules into the arbitration provisions set forth in the relevant agreements, Plaintiffs and United Defendants "clearly and unmistakably" agreed to arbitrate arbitrability. Doc. 46. Accordingly, the Court further explained, all questions of arbitrability – including the questions Plaintiffs raised as to whether their claims reasonably relate to the subject matter of the parties' agreements to arbitrate – must be resolved by an arbitrator. *Id.* Under controlling Tenth Circuit precedent, the Court found that it had no discretion to decide whether Plaintiffs' claims

were outside the scope of the arbitration provisions in the relevant agreements, but rather was obligated to defer that determination to the arbitrator. *Id.* Accordingly, the Court found no basis to deny United Defendants' motion compelling arbitration of Plaintiffs' claims against it. *Id.*

On June 11, 2018, Plaintiffs initiated an arbitration proceeding with the AAA, and requested that the Arbitrator declare that their claims against United Defendants are not subject to arbitration. The Arbitrator, Judge Bruce. D. Black (Retired), ordered the parties to submit briefing on the threshold issue of arbitrability. Thereafter, on December 5, 2018, the Arbitrator issued his Opinion on Arbitrability. Doc. 60-4. The Arbitrator determined that the claims asserted by Plaintiffs against United Defendants fall within the scope of the arbitration provision in the relevant agreements, and thus must be pursued solely through binding arbitration. *Id.*

Thereafter, Plaintiffs filed a Motion to Set Aside the Opinion of the Arbitrator [Doc. 60], requesting that this Court "vacate the Arbitrator's decision and allow the parties to litigate, in this Court," Plaintiffs' claims against United Defendants. Doc. 60 at 3. In a Memorandum Opinion and Order entered on May 28, 2019 ("May 2019 Opinion") [Doc. 70], the Court denied Plaintiffs' motion, explaining that Plaintiffs provided no valid basis for this Court to set aside the Arbitrator's determination that Plaintiffs' claims are subject to arbitration. Doc. 70 at 11. Because no claims were left before this Court, and because none of the parties had requested a stay of this matter, the Court further determined that dismissal of Plaintiffs' claims against United Defendants was proper. *Id.* Accordingly, the Court dismissed Plaintiffs' claims against United Defendants. *Id.* In a Judgment entered contemporaneously with the May 2019 Opinion (the "Judgment") [Doc. 71], the Court ordered that this action is dismissed as to, *inter alia*, the United Defendants. Doc. 71.

4

On the instant motion, Plaintiffs ask this Court to reconsider its dismissal of Plaintiffs claims against United Defendants and request that the Court stay this action. Doc. 72. United Defendants oppose the motion. Doc. 73.

## DISCUSSION

Plaintiffs characterize their motion as one for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure. Generally, if a motion for reconsideration is filed within twenty-eight days after entry of judgment, "it is treated as a motion to alter or amend the judgment under Rule 59(e)." *Computerized Thermal Imaging, Inc. v. Bloomberg, LP*, 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "A district court has considerable discretion in ruling on a motion to reconsider under Rule 59(e)." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Rather than citing this standard and explaining why they are entitled to an altered or amended judgment thereunder, Plaintiffs mistakenly argue that Rule 59 entitles them to *relief* from the Judgment because of "mistake, inadvertence, surprise, or excusable neglect." Doc. 72 at 2. This language, however, comes not from Rule 59, but rather from Rule 60(b)(1) of the Federal Rules of Civil Procedure. Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

5

"Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). "Excusable litigation mistakes are not those which were the result of a deliberate and counseled decision by the complaining party." *Id.* Instead, "the kinds of mistakes remediable under a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against, such as counsel acting without authority." *Id.* Accordingly, "a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes." *Id.* Further, "[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Notably, relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Yapp*, 186 F.3d at 1230 (citation omitted).

Here, Plaintiffs state that when they moved to set aside the decision of the Arbitrator, they "contemplated that the Court would either grant the relief that Plaintiffs sought in their Motion or deny it and refer the matter back to arbitration on the merits of Plaintiffs' claims against the United Defendants." Doc. 72 at 2. Plaintiffs further state that United Defendants "requested that the Plaintiff pursue their claims against the United Defendants through arbitration and also did not seek dismissal in their Motion to Compel Arbitration." *Id.* For these reasons, Plaintiffs contend, they "mistakenly believed that the Court would not dismiss its claims before this Court because no party moved for dismissal and believed that the Court would stay proceedings and refer the parties to arbitration on the merits." *Id.* Plaintiffs request that the

6

Court "set aside the final judgment – dismissing Plaintiffs' claims against United Defendants – and stay the case pending proceedings in arbitration."  *Id.*

As an initial matter, Plaintiffs have not established that they need relief from the Judgment in order to accomplish the end that they wish to achieve, namely, the ability to pursue their claims against United Defendants through arbitration.   Plaintiffs appear to be concerned that the Court's dismissal of their claims against United Defendants forecloses their pursuit of those claims through arbitration.   This concern is unfounded.   In the March 2018 Opinion, the Court compelled Plaintiffs to pursue their claims through arbitration.   Whether the Court had stayed the action pending that arbitration or dismissed the action, the effect would have been the same:   Plaintiffs continue to be entitled to pursue their claims against United Defendants through arbitration.   Indeed, the only practical effect of the Court's dismissal of Plaintiffs' claims against United Defendants is that the Court's decision to compel arbitration became immediately appealable upon entry of the Judgment; if the Court had stayed the action, its decision to compel arbitration would not have been subject to immediate appeal.   *See Adair Bus Sales Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955-56 (10th Cir. 1994).   Accordingly, Plaintiffs have provided no reasoned basis for their request for relief from the Judgment.

Nor have Plaintiffs provided any legal support for their request for relief.   Until the instant motion, neither party requested a stay of this action.   Where, as here, there had been no request for a stay pending arbitration, the Court acted well within its discretion in dismissing Plaintiffs' claims.   *Armijo v. Prudential Ins. Co. of Am.*, 72 F.3d 793, 796-97 (10th Cir. 1995). Accordingly, the Court did not misapprehend the facts, a party's position, or the controlling law. And because, as discussed above, dismissal of their claims does not preclude Plaintiffs from

pursuing those claims through arbitration, there is no "manifest injustice" to prevent. It follows that there is no basis for the Court to reconsider its decision pursuant to Rule 59(e).

Similarly, there has been no mistake of the sort remediable under Rule 60(b)(1). Plaintiffs have established no basis for the Court to find that their failure to request a stay – which failure did not affect their ability to pursue their claims through arbitration but did help to ensure their ability to appeal the decision compelling arbitration in the first instance – is an "excusable litigation mistake." Nor have Plaintiffs established that the Court made a substantive mistake of law or fact in dismissing Plaintiffs' claims. As Plaintiffs did not request a stay pending arbitration, and as *Armijo* clearly gave the Court discretion to dismiss Plaintiffs' claims, the Court finds that there is no basis to provide Plaintiffs relief from the Judgment pursuant to Rule 60(b)(1).

## CONCLUSION

Plaintiffs have provided no reasoned, factual basis for their request for relief from the Judgment. Further, Plaintiffs have provided no legal basis for either Rule 59(e) reconsideration of the Court's dismissal of their claims against United Defendants or Rule 60(b)(1) relief from the Judgment.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Reconsider [Doc. 72] is **DENIED**.

DATED this 7th day of January, 2020.

_____
MARTHA VÁZQUEZ
United States District Judge